# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,**  *Plaintiff,*  v.  **ANDREA OWENS,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.**  **5:20-cv-00354-TES-CHW** |

## ORDER DENYING DAKER'S MOTIONS

On January 26, 2021, the Court adopted the well-reasoned and overall excellent Recommendation from the Magistrate Judge and dismissed Plaintiff Waseem Daker's ("Daker") case with prejudice [Doc. 240] under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 11 as a sanction for lying to the Court about his eligibility for *in forma pauperis* status in this case (and other cases as well). Five days later, the Court received four motions, [Doc. 242]; [Doc. 243]; [Doc. 244]; [Doc. 245], requesting the Court to provide Plaintiff with copies of various affidavits, records, and cases, and an extension of the already-passed deadline to file objections to the United States Magistrate Judge's Recommendation [Doc. 239].

First, the Court will address Daker's Motion for Extension of Time to File Objections [Doc. 245] to the Recommendation. As mentioned above, the Magistrate Judge issued a Recommendation [Doc. 239] that Daker's case be dismissed with

prejudice on January 5, 2021. Consistent with 28 U.S.C. § 636, the Magistrate Judge informed the parties that they had 14 days to file objections to the Recommendation. [Doc. 239, p. 15]. The Court did not receive Daker's request for an extension to file objections to the Magistrate Judge's Recommendation until February 1, 2021, well after the 14-day period lapsed.

The "prison mailbox rule" provides that a *pro se* prisoner's document is deemed filed on the date the prisoner delivers the document <u>to prison authorities</u> for delivery rather than on the date the document is received by the Court. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (holding that for pro se prisoners, "*the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness*"). The rule protects prisoners who "cannot take the steps other litigants can take to monitor the processing of their [filings] and to ensure that the court clerk receives and stamps [them] before the . . . deadline" and who "have no choice but to entrust the forwarding" of their filings "to prison authorities whom [they] cannot control or supervise and who may have every incentive to delay." *Houston*, 487 U.S. at

271. If the mailbox rule applies, then Daker's motion for an extension of time to object was timely as he allegedly signed the document on January 15th, 2021.[1]

But, but by its own terms, the prison mailbox rule does not apply to documents mailed from outside the prison. *Garvey*, 993 F.2d at 782 n.15 ("*Houston* is restricted to federal *court* filings; a notice of appeal given to prison authorities for delivery to a person or entity other than a federal court is not included in '*Houston's* mailbox rule.'"); *see also Houston*, 487 U.S. at 272-73 (holding that the mailbox rule would only apply if the notice of appeal was delivered <u>to prison authorities</u> to be forwarded to the district court) (emphasis added); *Wilder v. Chairman of Cent. Classification Bd.*, 926 F.2d 367, 370 (4th Cir. 1991), *cert. denied*, 502 U.S. 832 (1991) (holding that the mailbox rule would not apply where prisoner delivered notice of appeal to a friend who was supposed to forward notice to district court).

Here, the United States Postal Service envelope that Daker (or, perhaps, a friend of his) used to mail in his documents clearly shows the origin zip code to be "30328."

---

[1] The Court notes that Daker's motion has a blank line for his signature and other blank lines for the date the document was signed and even includes a jurat that has not been filled in. However, Daker attached a hand-written verification [Doc. 245, p. 4] to the unsigned and undated motion. [Doc. 245, pp. 1–3]. While this is very on-brand for Daker, the Court will nonetheless assume that Daker actually saw the motions that he filed as opposed to merely mailing his pre-signed verification to an outside source to attach to them.

3

[Doc. 245-1, p. 2]. "30328" is the zip code assigned to Sandy Springs, Georgia.[2] Daker is housed at Smith State Prison in Glennville, Georgia, over 200 miles southeast of Sandy Springs.[3] The origin zip code on the envelope shows that Daker did not deliver these documents to prison authorities for mailing; rather, someone mailed the documents from outside of the prison system using USPS priority 2-day mail, costing the mailer $7.95. [Doc. 245-1, p. 2]. Further, the envelope contains a tracking number[4] that easily confirms it was mailed on January 26 from the Sandy Springs area, and the Court received it on February 1st.

Since Daker did not deliver his documents to prison authorities for them to forward to the Court, but instead relied on someone outside of the prison system to mail them for him, the prison mailbox rule simply does not apply to Daker. *Houston*, 487 U.S. at 272-73; *Garvey*, 993 F.2d at 782 n.15. The policies underlying the prison mailbox rule are not implicated when someone outside the prison mails a prisoner's

---

[2] The Court takes judicial notice that "30328" is an Atlanta-area zip code associated with the Sandy Springs area. *See* FED. R. EVID. 201(b)(2) (noting that a court may take judicial notice of a fact whose accuracy "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). But, Daker placed a Glennville, Georgia, return address on the envelope (the location of Smith State Prison where he is currently housed), even though the documents were not mailed from that location.

[3] The Court also takes judicial notice of this fact.

[4] The USPS tracking number taken from Daker's envelope is "9505 5107 1098 1026 7020 17." A quick search on the USPS "Track Package" feature shows that this envelope originated in the Atlanta area and went from Atlanta to the courthouse in Macon. *See* Tracking Package with Tracking Number "9505 5107 1098 1026 7020 17," https://www.usps.com/ (enter tracking number in the "Enter Tracking Number(s)" box and then click on "Tracking History").

documents directly to a court on their behalf. When Daker chose to go outside of the prison system to mail his documents to the Court, he forfeited any potential reliance on the prison mailbox rule and took the risk that the documents may not arrive before the deadline.

Because the prison mailbox rule does not apply here, the deadline for Daker to file a request for an extension of time to file objections was January 25, 2021, which includes the 14-day objection period provided for in the January 5th Recommendation [Doc. 239] plus three mailing days (each way) as provided for in Federal Rule of Civil Procedure 6(d). Since Daker failed to get his Motion for Extension of Time to File Objections [Doc. 245] to the Court before the time to object expired, it is **DENIED**.

Next, because the Court denied Daker's Motion for Extension of Time, his other three motions are also due to be denied as they relate to his objections, and the objections period has now passed. Therefore, the Court **DENIES as moot** Daker's Motion for Copies of IFP Affidavits [Doc. 242], Motion for Copies of Records Judicially Noticed [Doc. 243], and Motion for Access to Case Authorities [Doc. 244].

In sum, the Court **DENIES** Daker's Motion for Extension of Time to File Objections [Doc. 245], Motion for Copies of IFP Affidavits [Doc. 242], Motion for Copies of Records Judicially Noticed [Doc. 243], and Motion for Access to Case Authorities [Doc. 244]. Further, because Daker failed to object to the Magistrate Judge's Recommendation in accordance with the time limits prescribed by 28 U.S.C. § 636(b)(1),

he has waived the right to challenge on appeal the Court's ruling based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3–1.

**SO ORDERED**, this 5th day of February, 2021.

S/Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**