# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,**  *Plaintiff,*  v.  **ANDREA OWENS,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.** **5:20-cv-00354-TES-CHW** |

## ORDER DENYING DAKER'S MOTIONS

On January 5, 2021, the Magistrate Judge recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and Federal Rule of Civil Procedure 11. [Doc. 239]. On January 26, 2021, after the time period for Daker to file objections to the Magistrate Judge's Recommendation passed, the Court adopted the Magistrate Judge's Recommendation and made it the order of the Court. [Doc. 240]. Then, on February 1, 2021, the Court received four motions, supposedly dated January 15, 2021, seeking, among other things, an extension of time to file objections to the Magistrate Judge's Recommendation. *See* [Doc. 242]; [Doc. 243]; [Doc. 244]; [Doc. 245]. The Court denied the Motion for Extension of Time to file objections [Doc. 245] as untimely because the Court received it after the time for objections had lapsed and the prison mailbox rule did not apply because the motions were mailed from Sandy

Springs, Ga. instead of from prison. *See* [Doc. 246]. Now the Court has received Daker's objections [Doc. 247], which he allegedly signed on January 22, 2021.

If the prison mailbox rule applies to Daker's objections, then they would be timely as they would be presumed (although subject to rebuttal) filed on the date in which he purportedly signed them, January 22nd. If the prison mailbox rule does not apply, then Daker's objections are late because the Court did not receive them until February 11, 2021.

The Court finds that the mailbox rule does not apply to Daker's objections because the postmark on the envelope clearly shows that Daker mailed his objections from Macon, Ga. and not from Smith State Prison, which is located in Glennville, Ga., well over 130 miles away. *See* [Doc. 247-1, p. 1]; *Lewis v. Clarke*, No. 1:20-cv-00282-CMH-JFA, 2020 WL 6139946, at *4 n. 4 (E.D. Va. Oct. 19, 2020) (denying prisoner the benefits of the prison mailbox rule when the postmark revealed the filing was mailed from outside of the prison). Thus, because Daker did not use the *prison* mail system and apparently delivered or mailed his objections to someone outside of prison to mail them for him, the prison mailbox rule simply does not apply. As the Court explained in its previous order [Doc. 246], when a prisoner mails a document to the Court from outside of prison, the prison mailbox rule never comes into play. *Garvey v. Vaughn*, 993 F.2d 776, 782 n.15 (11th Cir. 1993) ("*Houston* is restricted to federal *court* filings; a notice of appeal given to prison authorities for delivery to a person or entity other than a federal court is

not included in '*Houston's* mailbox rule.'"); *see also Houston v. Lack*, 487 U.S. 266, 272-73 (1988) (holding that the mailbox rule would only apply if the notice of appeal was delivered <u>to prison authorities</u> to be forwarded to the district court) (emphasis added); *Wilder v. Chairman of Cent. Classification Bd.*, 926 F.2d 367, 370 (4th Cir. 1991), *cert. denied*, 502 U.S. 832 (1991) (holding that the mailbox rule would not apply where prisoner delivered notice of appeal to a friend who was supposed to forward notice to district court).

Because Daker's objections are untimely, the Court will not consider them. Further, because judgment has been entered in this case [Doc. 241], the Court **DENIES as moot** Daker's other motions, [Doc. 248]; [Doc. 249]; [Doc. 250]; [Doc. 251].

**SO ORDERED**, this 1st day of March, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
