# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDREA OWENS, *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:20-cv-00354-TES-CHW |

## ORDER VACATING JUDGMENT

The United States Magistrate Judge recommended that Daker's case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) because he found that Plaintiff lied about his allegations of poverty and/or because Plaintiff violated Rule 11 when he intentionally misled the Court as to his financial status. [Doc. 239]. When the Court didn't receive any objections to the R&R within the applicable time period, it reviewed for clear error, adopted the R&R [Doc. 239] and made it the order of the Court. [Doc. 240]. The Clerk then entered Judgment against Daker. [Doc. 241].

On February 1, 2021, the Court received four motions from Daker, including a Motion for Extension of Time to File Objections, although the motions themselves were dated January 15, 2021. *See* [Doc. 242]; [Doc. 243]; [Doc. 244]; [Doc. 245]. The time for Daker to object to the R&R had already expired. The only way that the Court could consider them timely was if Daker received the benefit of the "prison mailbox rule,"

which says that prisoners who use the prison mail system get the benefit of the Court assuming that they filed the motions on the day they deposited the motions in the prison mail system. But, Daker mailed these documents from outside of the prison system; so, the Court did not apply the prison mailbox rule to the motions and treated them as untimely. [Doc. 246]. Then, on February 11, 2021, the Court received Daker's substantive objections [Doc. 247] to the Magistrate Judge's Recommendation, which he allegedly dated January 22, 2021. Once again, if the prison mailbox rule applied to these objections, then they would be timely. However, as before, the Court did not treat the objections as timely and took judicial notice of the fact that the objections were mailed from outside Smith State Prison where Daker resides based on a postmark indicating that they were mailed from Macon, Georgia. [Doc. 252].[1]

      Daker challenges the Court's determination that he filed his objections late and its decision not allowing him the benefits and protections of the prison mailbox rule. *See* [Doc. 253]; [Doc. 254]; [Doc. 255]. To remedy this perceived error, Daker filed three motions pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its orders and ultimately vacate the judgment entered against him. *See* [Doc. 253]; [Doc. 254]; [Doc. 255].

---

[1] The Court likewise treated [Doc. 248]; [Doc. 249]; [Doc. 250]; [Doc. 251] as untimely. *See* [Doc. 252].

In his first motion [Doc. 253], Daker argues that the Court erred in its January 26, 2021 order [Doc. 240] in the following ways: (1) it found that Daker had not filed objections to the Magistrate Judge's Report and Recommendation; and (2) the Court showed it had "already formed an opinion as to the veracity of Plaintiff's IFP affidavits without allowing [Daker] an opportunity to be heard, … ." [Doc. 253, p. 3]. Similarly, Daker argues that the Court erred in its February 5, 2021 order in the following ways: (1) the Court erred procedurally by not allowing Daker an opportunity to be heard regarding the timeliness of [Doc. 242], [Doc. 243], [Doc. 244], and [Doc. 245]—motions received on February 1, 2021, after the Court entered judgment against Daker—before denying them as moot; (2) the Court erred in denying the motions as untimely by not properly affording Daker the protections of the prison mailbox rule; and (3) the order shows the Court has already formed an opinion as to the veracity of Daker's IFP affidavits without allowing him an opportunity to be heard. [Doc. 253, pp. 5–8].

Daker's second motion, [Doc. 254], is identical to [Doc. 253], except that the title of the motion is specific to the Court's February 5, 2021 order [Doc. 246].

Daker's third motion, [Doc. 255], challenges the Court's March 1, 2021 order [Doc. 252] by arguing: (1) the Court erred procedurally when it took judicial notice of the fact that Daker's objections [Doc. 247] were mailed from Macon as opposed to being mailed from Smith State Prison; (2) the Court erred substantively when it concluded that the postmark on the envelope containing Daker's objections revealed the objections

3

were mailed from Macon instead of Smith State Prison; and (3) the order shows the Court has already formed an opinion as to the veracity of Daker's IFP complaints without affording Daker an opportunity to be heard.

Distilling his various arguments, objections and complaints to their basic level, Daker wanted the Court to consider his objections to the Magistrate Judge's Recommendation. And, he is upset because the Court didn't consider them because it ruled his objections as untimely. Put another way, he wanted the court to rule on the substance of his objections rather than ignoring them due to procedural faults. The Court finds it highly questionable that Daker could prevail on his various theories as to how the Court supposedly erred. But, he also makes a fair point in wanting his case heard on its merits. In order to properly handle the objections made in these three motions [Doc. 253, 254, and 255], the Court would likely have to schedule evidentiary hearings, take evidence, make findings of fact, render legal conclusions, greatly expand what is already a quite hefty record, and ultimately only succeed in writing more orders on more arcane subjects, all of which will inevitably be appealed. And, if Daker has shown the federal courts anything, he has shown them that he really, really likes to appeal and litigate any and every possible issue. So, in order to cut to the chase and efficiently get this case where it's inevitably going—directly to the Eleventh Circuit— the Court will assume, without deciding, that Daker got his objections in on time.

Accordingly, the Court, exercising its considerable discretion, **GRANTS** Daker's Motion [Doc. 253] to vacate the judgment entered against him [Doc. 241], and will conduct a *de novo* review of the Magistrate Judge's R&R, specifically considering his objections.

Next, the Court **DENIES** Daker's Motion [Doc. 254] to vacate and reconsider the Court's February 5, 2021, order [Doc. 246]. Daker cites to no authority binding on this Court that shows the Court has a duty to provide Daker with the legal authorities, records, and affidavits he requests in [Doc. 242], [Doc. 243] and [Doc. 244]. He simply doesn't meet the standard necessary for the Court to reconsider its earlier order and the Court declines to do so. Further, Daker's motion for extension of time, [Doc. 245], is now moot since the Court exercised its discretion and decided to consider Daker's objections to the R&R.

Finally, the Court **DENIES** Daker's motion [Doc. 255] to vacate and reconsider its March 1, 2021, order [Doc. 252]. Again, Daker cites to no authority binding on this Court that shows the Court has a duty to provide Daker with the legal authorities, records, and affidavits he requests in [Doc. 248], [Doc. 249], and [Doc. 250]. And again, Daker's motion for extension of time, [Doc. 251], remains moot as the Court is assuming Daker's objections were timely filed.[2]

---

[2] Daker also requests an opportunity to be heard pursuant to Federal Rule of Evidence 201(e) relating to the Court's taking of judicial notice. [Doc. 255, p. 7]. The Court DENIES this request as moot since it is

5

Accordingly, the Court **VACATES** the judgment [Doc. 241] entered against Daker. After consideration of Daker's objections and conducting its *de novo* review, the Court will issue an updated order regarding the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this 9th day of April, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

assuming his objections to have been timely filed, obviating the need for the Court to take judicial notice of any fact related to this particular mailing.